THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANDRÉS NIEVES-MACHADO,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.

Civ. No. 20-1329 (ADC)

[Related to Crim. No. 18-749-3 (ADC)]

## OPINION AND ORDER

Before the Court is petitioner Andrés Nieves-Machado's ("petitioner") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. **ECF No. 1**. For the following reasons, petitioner's motion is **DENIED**.

On June 20, 2019, petitioner plead guilty to conspiracy to possess with intent to distribute at least 150 kilograms but less than 450 kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count One"), and to the illegal possession with intent to distribute at least 150 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count Two"). **Crim. No. 18-749, ECF Nos. 60** and **68.** There was no plea agreement between the parties. On September 16, 2019, the Court sentenced petitioner to 120 months of imprisonment as to each count, to be served concurrently to each other. **Crim. No. 18-749, ECF Nos. 115** and **116**.

Now, petitioner moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. **ECF No. 1**. His sole argument in support is that the charge he plead guilty to carried a mandatory minimum sentence of 60 months of imprisonment (rather than 120 months) as to

each count, and that the sentence was to be concurrently served. Petitioner argues the Court simply committed an error in verbiage that has led to the erroneous imposition of 120-month sentences. *Id.* at 4.

However, petitioner's argument finds no support in the facts as indubitably reflected by the record. Indeed, the record clearly shows that:

a. counts 1 and 2 charged a conspiracy to illegally posses with intent to distribute and the actual possession with intent to distribute "5 kilograms or more of a mixture or substance containing a detectable amount of cocaine[;]"

b. each count carried a mandatory minimum sentence of 120 months (10 years) of imprisonment;

c. petitioner was sentenced to 120 months of imprisonment as to each count (the statutory minimum sentence), rather than to the 60-month sentences he alleges the Court had to imposed.

**Crim No. 18-749, ECF Nos. 60**, **65** at 3, **68**, **92**, **115** and **116.**

To make matters more straightforward, both of petitioner's counts of conviction (*see supra* at p.1) carry mandatory 10-year minimum sentences. *See* 21 U.S.C. § 841(b)(1)(A) ("such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life"). As such, it would have been unfeasible for the Court to impose 60-month sentences when imposition of such sentences would have effectively halved the mandatory minimum penalty.

*Díaz-Castro v. United States*, 164 F. Supp. 3d 271, 272 (D.P.R. 2016) ("The Court is obliged to follow Congress's constitutionally valid mandate, whether in agreement or not.").

Petitioner's 28 U.S.C. § 2255 motion (**ECF No. 1**) is therefore **DENIED.** The Court declines to issue a certificate of appealability. The Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

In San Juan, Puerto Rico, on this 16th day of May, 2022.

                                            **S/AIDA M. DELGADO-COLÓN**
                                            **United States District Judge**